## In re POST'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

TRANSFER TAX—INFANT'S HEIRS—SPECIAL GUARDIAN.

>   In a proceeding to subject a decedent's estate to the transfer tax, the appointment of a special guardian to represent the infant interested in the estate is unnecessary, where the will gives testator's widow the net income of the whole estate after payment of all taxes and other charges thereon, and the infant's interests are only in remainder, and not then taxable; and an allowance to a special guardian appointed in such case will be denied.

Appeal from surrogate's court, New York county.

Proceeding for taxation of the estate of Abraham J. Post, deceased, under Laws 1892, c. 399. From an order directing the executor to pay $30 to the special guardian appointed in the proceeding, the executor appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. W. Butts, for appellant.

P. W. Kopper, for respondent.

PATTERSON, J. It is not necessary at the present time to consider the question of the general power of the surrogate to appoint a special guardian for an infant in a proceeding to assess the value of a decedent's estate for the purpose of taxation under the provisions of the transfer tax act (chapter 399 of the Laws of 1892). The only inquiry on this appeal relates to the propriety of the allowance by the surrogate of a fee of $30 to a special guardian appointed for an infant in this particular proceeding, in which the amount allowed the special guardian was charged by the surrogate against the estate of Mr. Post in the hands of the executors of his will. It appears conclusively from the papers presented on this appeal that there was no necessity whatever, at any stage of the proceeding, for the appointment of a special guardian. The infant had no interest in the proceeding, as the appraiser reported to the surrogate, and as was apparent from the beginning. The appraiser was appointed upon the petition of one of the executors, but the special guardian was not. Mr. Post's will had been proven, and was recorded in the surrogate's office. It appears from the provisions of the will that the testator's widow was entitled to a life interest in the whole estate,—that is to say, to the net income after the payment of all taxes and other proper charges thereon,—and that the infant's interest was only in remainder, and, as the appraiser found, not taxable at the then present time, it being not then ascertainable to whom the interest in remainder would finally pass. This situation was plainly disclosed on the face of the will, to which reference was made in the petition of the executor for the appointment of the appraiser, and the whole question of the imposition of the tax was therefore one between the state and the executor and the life tenant. Under such circumstances, we think there was no necessity for, or propriety in, the appointment of a special guardian; for no contest could possibly arise in the

assessment proceeding, and under the provisions of the will, by which the infant's interest in remainder could be affected.    The appointment of a special guardian, and the burdening of the estate with charges for his services, under such circumstances, is a matter which should not be authorized by the court.    Whatever discretionary power a surrogate may have to appoint a special guardian can only be exercised when some reason exists therefor.    No such reason is shown here, because, on the face of the will, it was apparent that no tax under the transfer tax act could be levied upon the infant's interest in remainder; and the order appealed from, of October 1, 1895, must be reversed, and the order of July 15, 1895, modified by striking therefrom the allowance of $30 made to the special guardian.    All concur.